UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF DALLAS DIVISION

| | |
|---|---|
| Allyson Raskin, | |
| Petitioner, | |
| v. | No. 4:22-cv-00746-O |
| Clay Jenkins & Michael Scarpello | |
| Respondents. | |

---

Petitioner's Response to Respondents' Motion to Dismiss

---

*TO THE HONORABLE ADA BROWN,*

Respondents removed the above cause and subsequently filed a Motion to Dismiss under local rules for Civil Procedure Rules 12(b)(1) and 12(b)(6) (Doc. 5) based on the Original Petition on September 19, 2022 (Doc. 3). Petitioner, Allyson Raskin, has filed an opposition to the removal and respectfully responds to Respondents' motion as follows:

## Certificate of Service

On September 27, 2022, I served a true and correct copy of this response via

ECF to attorney for Respondents as follows:

Barbara S Nicholas
Email: barbara.nicholas@dallascounty.org
Benjamin Laurence Stool
Email: ben.stool@dallascounty.org
J G Schuette
Email: jason.schuette@dallascounty.org
Attorneys for Defendants

By: /s/ *Allyson Raskin*
Allyson Raskin
5533 Meletio Lane
Dallas, TX 75230
Cell: 214-263-5802
Email:
essentiallyally@gmail.com
*Pro se*

# Table of Contents

TABLE OF AUTHORITIES............................................................................3

INTRODUCTION...................................................................................8

FACT-BASED MERITS...........................................................................10

REMOVAL..........................................................................................12

STANDING..........................................................................................15

INJURY IN FACT..................................................................................16

POLITICAL QUESTION..........................................................................18

REMEDIABLE RIGHTS...........................................................................20

PRAYER.............................................................................................25

## TABLE OF AUTHORITIES

*Cases*

Andrade v. Naacp of Austin, 345 S.W.3d 1, 7-8 (Tex. 2011)................................14

Azul Pacifico, Inc. v. City of Los Angeles, 948 F.2d 575, 586 (9th Cir. 1991)......16

Baker v. Carr, 369 U.S. 186, 206, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)............13, 14

Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)................................................17

Bd. of Water Eng'rs v. City of San Antonio, 283 S.W.2d 722, 724 (Tex. 1955)....11

Bonas v. Town of North Smithfield, 265 F.3d 69, 74 (1st Cir. 2001)....................17

Burdick v. Takushi*, 504 U.S. 428, 433 (1992)*......................................................12

Cassettari v. County of Nevada, 824 F.2d 735, 737-38 (9th Cir. 1987).................16

Cernosek Enters., Inc. v. City of Mont Belvieu, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011......................................................................................11

Cernosek Enters., Inc. v. City of Mont Belvieu, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011, no pet.)........................................................................11

Cohen v. Illinois Inst. of Technology,524 F.2d 818, 828 (7th Cir. 1975)...............17

Consumer Crusade v. Fairon Associates, 379 F. Supp. 2d 1132, 1137-38 (D. Colo. 2005)................................................................................................................11

Dyer v. Blair, 390 F. Supp. 1291 (N.D. Ill. 1975)...................................................14

EEC v. Akins, 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998)...............13

Elrod v. Burns, 427 U.S. 347, 373 (1976)...............................................................10

Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 333 (10th Cir. 1982)…11

Gomillion v. Lightfoot, 364 U.S. 339, 347-48 (1960)............................................16

Graham v. Connor, 490 U.S. 386, 393-94 (1989)...................................................17

Great American Fed. S. L. Assn. v. Novotny, 442 U.S. 366, 396 n.15 (1979).......18

Hagans v. Lavine, 415 U.S. 528 (1974)..................................................................18

Hernandez, 872 F.3d (9th Cir.  2017)......................................................................10

Hunt v. Bass, 664 S.W.2d 323, 324 (Tex. 1984).....................................................11

In re D.D.L., No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022)...................11

In re S.M.D., 329 S.W.3d. (Tex. App. 2010)...........................................................11

Jacobs v. United States, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933)....16

James C. Harrington, Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights, 68 TEX.L.REV. 1435, 1490 (1990)...............................................15

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995)..............................................................10

Life Ins. Co. of North Am. v. Reichardt, 591 F.2d 499, 505 (9th Cir. 1979)..........17

Low v. King, 867 S.W.2d 141, 144-45 (Tex. App. 1993)........................................15

McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc)........................12

McLellan v. Mississippi Power Light Co.,545 F.2d 919, 930 (5th Cir. 1977) (in banc)....................................................................................................................17

Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).....................................10

Nieto v. UAW Local 598,672 F.Supp. 987, 991-92 (E.D.Mich. 1987).................17

Ocean Acres L.P. v. Dare County Bd. of Health, 514 F. Supp. 1117, 1120 (E.D.N.C. 1981)..................................................................................................16

Palko v. Connecticut, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937)...................................................................................................................12

Patel v. Rios, No. 01-20-00856-CV, at *8-9 (Tex. App. Aug. 25, 2022)...............11

Philip J. Pfeiffer W. Wendell Hall, Employment and Labor Law, 43 SW.L.J. 81, 84 (1989)..................................................................................................15

Powell v. McCormack, 395 U.S. 486, 548–49, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)................................................................................................15

Pritchett v. Office Depot, Inc., 404 F.3d 1232, 1235 (10th Cir. 2005)..................10

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)....................................8

Rosado v. Wyman, 397 U.S. 397 (1970)................................................................18

San Diego Gas Electric Co. v. City of San Diego,450 U.S. 621, 654-55, 101 S.Ct. 1287, 1305-06, 67 L.Ed.2d 551 (1981).................................................16

Shamrock Oil Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)..........................................................................................10

State v. City of Austin, 160 Tex. 348, 357, 331 S.W.2d 737, 743 (1960)..............16

Tex. Ass'n of Bus., 852 S.W.2d at 446 (Tex. 1993)...............................................11

Thompson v. International Ass'n of Machinists,580 F.Supp. 662, 667 (D.D.C. 1984)............................................................................................18

U.S. CONST. art. III § 1..........................................................................................14

United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001).............................................................................................10

United States v. Reading Co., 226 U.S. 324, 357...................................................16

United States v. Students Challenging Regulatory Agency Procedures, 412 U.S. 669, 686-88, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)..............................13

Virginia v. Ferriero, 525 F. Supp. 3d 36, 49-50 (D.D.C. 2021).............................14

Western Union Telegraph Co. v. Foster, 247 U.S. 105, 114...................................16

Zivotofsky I, 566 U.S. at 194–201, 132 S.Ct. 1421)..............................................14

***Statutes***

18 U.S.C. § 245.......................................................................................................17

42 U.S.C. § 1983.................................................................................................7, 17

42 U.S.C. § 1985.....................................................................................................17

42 U.S.C. §15371(b).................................................................................................8

42 U.S.C. 1985.......................................................................................................17

52 U.S.C. 20971........................................................................................................9

HAVA.................................................................................................8

TEX. ADMIN. CODE § 81.60...............................................................8, 9

TEX. ADMIN. CODE § 81.61...............................................................8, 9

TEX. CIV. PRAC. & REM. CODE § 37.003........................................17

TEX. CIV. PRAC. & REM. CODE § 37.004 (a)(b)..............................17

TEX. CIV. PRAC. & REM. CODE § 65.011........................................17

TEX. ELEC. CODE § 52.062...............................................................9

TEX. ELEC. CODE §122.01................................................................8

TEX. ELEC. CODE § 122.032.............................................................9

TEX. ELEC. CODE § 276.013.............................................................12

TEX. ELEC. CODE Chap. 273............................................................17

TEX. ELEC. CODE Chp. 65.................................................7, 15, 17

TEX. GOV. CODE § 123.001..............................................................10

TEX. GOV. CODE § 1471.015............................................................10

*Other Authorities*

EAC Cerification Manual
https://www.eac.gov/sites/default/files/eac_assets/1/6/Cert_Manual_7_8_15_FIN
AL.pdf..........................................................................................9

ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND
POLICIES 91 (3d ed. 2006)...........................................................13

VSTL Manual
https://www.eac.gov/sites/default/files/eac_assets/1/28/VSTLManual
%207%208%2015%20FINAL.pdf..................................................9


*Constitutional Provisions*

Declaration of Independence..............................................................12

Due Process Clause............................................................................8

Equal Protection Clause.....................................................................8

TEX. CONST. art. I § 1...................................................................12, 13

TEX. CONST. art. I § 2...................................................................12, 13

TEX CONST. art. I § 3................................................................12, 17

TEX. CONST. art. I § 13...............................................................17

TEX. CONST. art. I § 17...............................................................17

TEX. CONST. art. I § 19...............................................................17

TEX. CONST. art. VI § 2............................................................9, 17

TEX. CONST. art. VI § 2 (c)......................................................12, 15

TEX. CONST. art. VI § 4.............................................................7, 9

U.S. CONST. amend. 1................................................................13

U.S. CONST. amend. 14...............................................................13

U.S. CONST. amend. 15...............................................................13

U.S. CONST. art. I § 2................................................................13

U.S. CONST. art. I § 3................................................................13

U.S. CONST. art. I § 4........................................................7, 10, 13

U.S. CONST. art. III § 1..............................................................14

U.S. CONST. art. III § 2..............................................................14

U.S. CONST. art. III § 3..............................................................14

U.S. CONST. art. IV § 4..............................................................13

## INTRODUCTION

Respondents allege Petitioner lacks standing to complain that Dallas County's use of electronic voting machines deprives her of the right to vote, and equate Petitioner's complaint to a generalized grievance about the conduct of government that alleges no injury particularized to her. Further, Respondents describe further infractions upon Petitioners voting rights through the utilization of uncertified, unreliable electronic voting systems in an election franchise as "hypothetical injuries that she might suffer in the future" (asserting Petitioner's lack of standing with no injury-in-fact), and claim 42 U.S.C. § 1983 does not cover state law violations (ECF no. 6 pg. 5).

Petitioner sought a Declaratory Order that the Respondents adhere to the constitutionally protected process of collecting and counting votes that ensures integrity and transparency. This is to require hand-marked paper ballots that can be cast with anonymity, following all Texas state election laws, and hand-counted by residents of the state of Texas, not machines as Texas Election law specifies. (TEX. CONST. art. VI § 4 and TEX. ELEC. CODE Chp. 65). Additionally, Petitioner sought redress for the abuse and devastation of our United State and Texas Constitutional rights and protections by our elected officials. Dallas County is utilizing uncertified, computerized equipment that is, by nature, vulnerable to

manipulation by unauthorized persons. The true results of an election that relies upon computerized equipment can never be known with full confidence, and Petitioner's constitutional rights to vote will be denied if computerized equipment is used.

Furthermore, Respondents concur with Petitioner's claims concerning the manner in which Dallas County conducts its elections. The Constitution explicitly commits to the States the authority to determine the manner of conducting elections. U.S. Const. art. I § 4. (Order granting MTD pg. 1-2). Thus, this case belongs in State court as it presents a question of law that is important to the jurisprudence of the state. Petitioner brought this case as an action in law and equity under the Texas Constitution for violation of Petitioner's Equal Protection and Due Process rights by Respondents. Petitioner sought only equitable, injunctive, and declaratory relief against Respondents for violation of Petitioners clearly established Equal Protection and Due Process rights guaranteed to them by and through the Texas Constitution. Petitioner did not seek damages.

## FACT-BASED MERITS

One of the most basic requirements of a 42 U.S.C. § 1983 claim is that defendant personally cause — either by directing, or knowing of and acquiescing in — the deprivation of a Plaintiffs' constitutional rights. See *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Texas codified HAVA into its Election Code. Petitioner presents a substantial number of facts backed by credible and official sources that demonstrate the electronic voting systems utilized in Dallas County since the 2020 election do not perform according to the voting system standards (TEX. ELEC. CODE §122.01) necessary to conduct free and fair election, and were not properly certified (TEX. ADMIN. CODE §§ 81.60 and 81.61). (Petition for Declaratory Judgment and Emergency Relief Against Electronic Voting Systems and Destruction of Records, pg. 10-39, and Appendix 6-7). Specifically, Texas Election Code §122.01(a)(3) states "operates safely, efficiently, and accurately and complies with the voting system standards adopted by the Election Assistance Commission". Under HAVA 2002 (42 U.S.C. §15371(b)) "requires that the EAC provide for the accreditation and revocation of accreditation of independent, non-federal laboratories qualified to test voting systems to Federal standards".

"In order to meet its statutory requirements under HAVA §15371(b), the EAC has developed the EAC's Voting System Test Laboratory Accreditation

Program." The procedural requirements for this program are outlined in the EAC's Voting System Test laboratory Accreditation Program Manual[1] and the EAC's Voting System Test Laboratory Program Manual (OMB 3265-0018)[2]. The accreditation for Voting System Testing Laboratories (VSTLs) "shall not exceed a period of two (2) years…", according to EAC guidelines.  The accreditation for VSTLs is signed by the Chairman of the EAC. As outlined in the complaint, the EAC did not have quorum or proper signatures from the EAC chairman to allow for certification of VSTLs from 2017 forward. Therefore, certification of machines from 2017 forward was not conducted properly per the guidelines set by HAVA and the EAC itself.

Respondents, knowing the law, were knowingly remiss in their duties acting under the color of law and are in violation of Texas statute in not acknowledging the expiration of certifications of accreditation of VSTLs or the lack of legal signature per HAVA thereby allowing voting machines to be used in elections since 2020 violating Tex. Elec. code § 122.032, § 52.062, Tex. Admin. Code § 81.60 and § 81.61, which are apparent violations of TEX. CONST. art. VI §§ 2 and 4 and federal 52 U.S.C. 20971. Respondents acting under the color of law allowed for the use of non HAVA complaint voting system equipment, software, and

---

[1] https://www.eac.gov/sites/default/files/eac_assets/1/28/VSTLManual%207%208%2015%20FINAL.pdf

[2] https://www.eac.gov/sites/default/files/eac_assets/1/6/Cert_Manual_7_8_15_FINAL.pdf

modifications for elections occurring in Dallas County in 2021 and 2022 violating TEX. ELEC. CODE §§ 122.032, 52.062, TEX. ADMIN. CODE § 81.60 and § 81.61, which are apparent violations of TEX. CONST. art. VI §§ 2 and 4, and federal 52 U.S.C. 20971.

The evidence clearly laid out by Petitioner show that the Respondents failed to take necessary actions to protect Petitioner's right to vote and continue to do so to this day, causing ongoing individual harm to Petitioner.  Respondents' failures prove individual injury and harm to Petitioner (pg. 37-39). Respondents, when made aware of the lack of proper certification, had jurisdiction within their official capacity (TEX. GOV. CODE §§ 1471.015, 123.001 et seq.) to seek an injunction and or restraining order from the attorney general on the voting equipment/software to prevent the use of any part of the voting system/software. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *Hernandez*, 872 F.3d (9th Cir. 2017).

## REMOVAL

Removal of this case was improper, U.S. CONST. art. I § 4. "The Court is ultimately persuaded that jurisdiction is lacking in these circumstances by the Tenth Circuit's careful jurisprudence on the limited jurisdiction of the federal

courts. As stated recently in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005):

> It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals. Shamrock Oil Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); United States ex rel. King v. Hillcrest Health Ctr., 264 F.3d 1271, 1280 (10th Cir. 2001). Thus, if there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction.

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995). Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. Id.; see also F.R.Civ.P. 12(h)(3). Federal removal jurisdiction is statutory in nature and is to be strictly construed. All doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

"Applying these principles…this Court finds that this case was improperly removed due to a lack of subject matter jurisdiction." *Consumer Crusade v. Fairon Associates*, 379 F. Supp. 2d 1132, 1137-38 (D. Colo. 2005). Respondent argues, "Because the Constitution explicitly commits to the States the authority to determine the time, place, and manner of elections, U.S. CONST. art. I § 4, this

case presents a nonjusticiable political question and the Court must dismiss it."
(ECF no. 6 pg. 6). Petitioner argues this is the reason removal was inappropriate,
an attempt to prevent the case from being heard and a diversion, and the reason to
remand the case back to State court.

## STANDING

Respondents seek to challenge Petitioner's standing in court as a voter. "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (quoting *Bd. of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)). Standing also requires some interest peculiar to the plaintiff individually and not as a member of the public. *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984); *Cernosek Enters., Inc. v. City of Mont Belvieu*, 338 S.W.3d 655, 663 (Tex. App.-Houston [1st Dist.] 2011, no pet.). *Patel v. Rios*, No. 01-20-00856-CV, at *8-9 (Tex. App. Aug. 25, 2022). ""When standing has been conferred by statute, the statute itself serves as the proper framework for a standing analysis." *In re S.M.D.*, 329 S.W.3d at 12." *In re D.D.L.*, No. 13-22-00062-CV, at *5 (Tex. App. Aug. 25, 2022). The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence in elections from power, bribery, tumult, or other improper practice (TEX. CONST. art. VI § 2(c), TEX. ELEC. CODE § 276.013).

Voting is an indisputable right "of the most fundamental significance under our constitutional structure." *Burdick v. Takushi, 504 U.S. 428, 433 (1992).* The Constitutions of Texas and the United States recognize that human beings have

"certain inalienable rights" to which they are entitled which arise as a matter of natural right. The most crucial of these rights are the constitutionally protected Fundamental Rights, which are rights that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *Palko v. Connecticut*, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937); *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc). Petitioner has a vested interest in protecting the quality, accuracy, and effectiveness of the individual votes cast by Petitioner to ensure the representative leaders in society are lawfully elected by the consent of the governed for the protection against tyranny and for healthy maintenance of our Republican form of government bestowed upon us by our ancestors and for the advantage of our descendants. It is time for the representative servants to remember who the genuine authority of government is in this state. Dec. of Ind., TEX. CONST. art. I §§ 1, 2, 3, and art. VI § 2(c).

## INJURY IN FACT

Respondents' legal argument attempts to strip Petitioner's individualized injury as each transaction – the vote – is personal and constitutionally protected from dilution or manipulation.  The carelessness of negating one vote is one too many in a constitutional republic.  If such impairment does produce a legally cognizable injury, [the plaintiffs] are among those who have sustained it. Because

16

they assert a plain, direct and adequate interest in maintaining the effectiveness of their votes, not merely a claim of the right, possessed by every citizen, to require that the Government be administered according to law, the voters have standing to pursue their equal protection claim. *Baker v. Carr*, 369 U.S. 186, 206, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). The negligence of our most treasured civic duty is outrageous and shocking. Petitioner establishes concrete, particularized, individualized injury. Our founding documents – namely the Declaration of Independence, Article I §§ 2, 3, and 4 of the U.S. Constitution, the First, Fourteenth, and Fifteenth Amendments, and TEX. CONST. art. I §§ 1, 2, 3 – solidify the right to vote in order to ensure a Republican form of government. *U.S. CONST. art. IV § 4, TEX. CONST. art. I § 2*. The governmental representatives of a people bequeath consequences, whether positive or negative (the amount and degree of harm the population of a society experiences correlates to how tyrannical a representative authority becomes). Petitioner has endured her own individualized, tangible, specific injuries as a result of election maladministration and malfeasance over the series of elections since 2020 due to leadership failing to uphold and defend the Constitution.

The assertion of the Respondents that Petitioner lacks standing to bring claims is incorrect. Injury in fact "… is based not on the number of people affected — a grievance is not generalized merely because it is suffered by large numbers of

people. ERWIN CHEMERINSKY, CONSTITUTIONAL LAW: PRINCIPLES AND POLICIES 91 (3d ed. 2006). As the Supreme Court has noted, "[t]o deny standing to persons who are in fact injured simply because many others are also injured, would mean that the most injurious and widespread Government actions could be questioned by nobody." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 686-88, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). Thus, "where a harm is concrete, though widely shared, the Court has found injury in fact." *EEC v. Akins*, 524 U.S. 11, 24, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (citation omitted). *Andrade v. Naacp of Austin*, 345 S.W.3d 1, 7-8 (Tex. 2011). The actual and imminent injury will occur again during the 2022 Elections through the utilization of electronic voting equipment and systems that the Respondents acknowledge will be used.

## POLITICAL QUESTION

Respondents utilize *Baker v. Carr,* 369 U.S. 186, 206, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) as the standard for defining political questions (ECF no. 6 pg. 5-6). In contrasting the petition to these standards:

Petitioner's case does not suffer from the first two *Baker* factors and "if the first two *Baker* factors are not present, more is required to create a political question than apparent inconsistency between a judicial decision and the position of another branch." (citing *Zivotofsky I*, 566 U.S. at 194–201, 132 S.Ct. 1421))."

18

(Sotomayor, J., concurring in part and concurring in the judgment) (describing how it is the "rare" and "exceptional" case when Baker 's final three factors "alone render a case nonjusticiable"). *Virginia v. Ferriero*, 525 F. Supp. 3d 36, 49-50 (D.D.C. 2021). Petitioner did not seek any relief outside the Judiciary requirements of the Constitutional provisions in Article III §§ 1, 2, and 3. Petitioner sought to return to the constitutional provision under TEX. CONST. art. VI § 4 and underscored in TEX. ELEC. CODE Chp. 65: the textually demonstrable constitutional commitment of the issue to a coordinate political department does not apply.

This case does not suffer from a lack of judicially discoverable and manageable standards as "It is primarily the character of the standards, not merely the difficulty of their application, that differentiates between those which are political and those which are judicial." *Dyer v. Blair,* 390 F. Supp. 1291 (N.D. Ill. 1975). The fourth *Baker* factor does not render this dispute nonjusticiable because there is no possibility of expressing a lack of respect due the Legislative branch since the Legislative branch authored and passed Chapter 65 of the Texas Election Code: provisions for paper ballots in obedience to TEX. CONST. art. VI § 4. Further, TEX. CONST. art. VI § 2 (c) says "The privilege of free suffrage shall be protected by laws regulating elections and prohibiting under adequate penalties all undue influence in elections from power, bribery, tumult, or other improper

19

practice." It does not say quick, efficient, or expedient election. The constitution is clear that the goal is for the election to be accurate, secure from fraud or manipulation, and free. Constitutional interpretation does not disrespect a coordinate branch of government, even when a court's interpretation does not accord with a political branch's view. *Powell v. McCormack*, 395 U.S. 486, 548–49, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

## REMEDIABLE RIGHTS

Respondents assert this is a federal question case as the "complaint relies exclusively on federal law for all six causes of action. Id. at pp. 50-56." (ECF no. 6 pg. 2). "The Texas Constitution itself provides for an independent grounding to assert a constitutional cause of action wherein a governmental entity or the officials thereof interfere with an individual citizen's rights which are protected by the State constitution…See, *Philip J. Pfeiffer W. Wendell Hall, Employment and Labor Law*, 43 SW.L.J. 81, 84 (1989); *James C. Harrington, Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights*, 68 TEX.L.REV. 1435, 1490 (1990)." *Low v. King*, 867 S.W.2d 141, 144-45 (Tex. App. 1993).

Petitioner emphasized her vote as her property (pg. 40). Assuming negligent or offensive acts are committed in the performance of a governmental function, the state should be held accountable and recompense made for the injuries caused by

20

that act as an operating expense of achieving the governmental purpose. As the court emphasized, "[o]ur fundamental law does not contemplate or require that every private injury and loss which may be necessary to protect or promote the public health, safety, comfort and convenience must always be borne by individuals and corporations." *State v. City of Austin*, 160 Tex. 348, 357, 331 S.W.2d 737, 743 (1960). The Courts recognize the necessity of prohibiting a State (or subdivision thereof) from exploiting a power to justify the imposition of an "unconstitutional condition." "Acts generally lawful may become unlawful when done to accomplish an unlawful end, *United States v. Reading Co*., 226 U.S. 324, 357, and a constitutional power cannot be used by way of condition to attain an unconstitutional result." *Western Union Telegraph Co. v. Foster*, 247 U.S. 105, 114. *Gomillion v. Lightfoot*, 364 U.S. 339, 347-48 (1960).

When the government takes private property, it must pay just compensation to the owner. *Jacobs v. United States*, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933). If the government fails to do so, the property owner may bring suit under the takings clause to compel payment. Id; *Causby*, 328 U.S. at 261-62, 267. This is equally true of an action against a state subdivision. See *Cassettari v. County of Nevada*, 824 F.2d 735, 737-38 (9th Cir. 1987); *Ocean Acres L.P. v. Dare County Bd. of Health*, 514 F. Supp. 1117, 1120 (E.D.N.C. 1981), affirmed, 707 F.2d 103 (4th Cir. 1983). The Constitution itself provides both the cause of action

and the remedy. *Jacobs*, 290 U.S. at 16, 54 S.Ct. at 27; *San Diego Gas Electric Co. v. City of San Diego*,450 U.S. 621, 654-55, 101 S.Ct. 1287, 1305-06, 67 L.Ed.2d 551 (1981) (Brennan, J., dissenting); see also *Dickinson*, 331 U.S. at 748, 67 S.Ct. at 1384. *Azul Pacifico, Inc. v. City of Los Angeles*, 948 F.2d 575, 586 (9th Cir. 1991).

Petitioner's petition for Declaratory Judgment and Emergency Relief was based upon the United States and Texas Constitution. The state court has concurrent jurisdiction with federal court regarding constitutional questions. Petitioner used both state and federal statutes and constitutional provisions as much of the State of Texas statutes and constitutional law parallels the federal; in addition to the Respondents' claims, Petitioner also brought the cause of action under TEX. CIV. PRAC. & REM. CODE §§ 37.003, 37.004 (a)(b), 65.011, TEX. CONST. art. VI § 2, TEX. CONST. art. I §§ 3, 13, 17 and 19, as well as a multitude of Texas Election Code including Chapters 65 and 273. Count I was brought under TEX. CONST. art. I §§ 17 and 19, and the First, Fourteenth, and Fifteenth Amendments; Count II under TEX. CONST. art. I § 3, and the Fourteenth Amendment; Count III and IV under TEX. CONST. art. I §§ 13 and 19, Count V under TEX. CONST. art. VI § 2, and the First and Fourteenth Amendments; and Count VI under TEX. CIV. PRAC. & REM. CODE § 37.003, § 37.004 (a)(b).

Texas Codified HAVA and 18 U.S.C. § 245 confers a federally protected right. Section 1983 of Title 42 creates a cause of action against anyone who, acting under color of law, deprives an individual of rights secured by the Constitution or by federal statute. See 42 U.S.C. § 1983. The statute is not a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Thus, "that, in those few cases in which organic failures in a state or local election process threaten to work patent and fundamental unfairness, a colorable claim lies for a violation of substantive due process (and, hence, federal jurisdiction attaches)." *Bonas v. Town of North Smithfield*, 265 F.3d 69, 74 (1st Cir. 2001).

Furthermore, Petitioner also incorporated 42 U.S.C. § 1985 in the Counts section of the petition. Because § 1985(3) refers to all federal rights, it is irrelevant that the particular right sought to be vindicated thereunder was not in existence at the time the cause of action was enacted. Cf. *Hagans v. Lavine*, 415 U.S. 528 (1974); *Rosado v. Wyman*, 397 U.S. 397 (1970) (cause of action under § 1983 to vindicate right under subsequently enacted statute). *Great American Fed. S. L. Assn. v. Novotny*, 442 U.S. 366, 396 n.15 (1979). Petitioner contends it is also irrelevant if the petition matched the legal standard of BAR lawyers as all Courts shall be open to the people of this nations for all controversies. *U.S. CONST. art.*

23

*III*, *TEX. CONST. art I § 13*. The association between § 1985(3) and state law have been heavily deliberated in the Courts: *Life Ins. Co. of North Am. v. Reichardt,* 591 F.2d 499, 505 (9th Cir. 1979), (private conspiracy to deprive persons of equal protection of state law is actionable under § 1985(3)); *McLellan v. Mississippi Power Light Co.,*545 F.2d 919, 930 (5th Cir. 1977) (en banc) (same); *Cohen v. Illinois Inst. of Technology,*524 F.2d 818, 828 (7th Cir. 1975) (Stevens, C.J.) (§ 1985(3); *Nieto v. UAW Local 598,*672 F.Supp. 987, 991-92 (E.D.Mich. 1987) (only federally protected rights); *Thompson v. International Ass'n of Machinists,*580 F.Supp. 662, 667 (D.D.C. 1984) (only federally protected rights). *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 589 (2d Cir. 1988).

Respondent agrees that Petitioner wants to know if, in fact, her vote was legal considering the lack of proper certification from a properly accredited VSTL caused Petitioner to cast an illegal ballot. Petitioner's "real complaint is that she believes her vote (and the vote of every other voter) was invalid." (ECF no. 6 pg. 9). Should a citizen of Texas decide to perform as a lawyer, doctor, teacher, etc. without having received a certified degree from an accredited university – the government would hold them criminally accountable for fraud. Choosing the people who will represent this Petitioner as an official leader should require the same – if not higher – standard. People vote every day. Determining the persons

24

who will represent Petitioner in an official capacity is not a mere vote, but a civic duty and choice protected by the Constitutions of the United States and Texas.

## PRAYER

Respectfully, the Petitioner prays the court will grant the Motion for Remand back to State Court filed August 26, 2022. However, if your Honor chooses to assume jurisdiction, Petitioner prays this Court denies Respondents' Motion to Dismiss and allows the Petitioner to amend the original petition to cure defects. This Court GRANTS such other and further relief as may be just, equitable, and proper including without limitation, an award of any attorneys' fees and costs to Petitioner.

Respectfully submitted this 27th day of September, 2022,

By: /s/ *Allyson Raskin*
Allyson Raskin
5533 Meletio Lane
Dallas, TX 75230
Cell: 214-263-5802
Email:essentiallyally@gmail.com
*Pro se*